FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 0 4 2007

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BEATRICE GUTIERREZ,

    Plaintiff,

v.

                                  CIV 06-0016 JH/KBM

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

The Magistrate Judge filed proposed findings on December 20, 2006 and recommended that the decision of the Commissioner be affirmed. *Doc. 22*. Plaintiff has filed timely objections and I have reviewed them *de novo*. Ordinarily I would not address waived issues, but because the objections appear without merit, I will do so here. *See Doc. 23*.

Plaintiff's objection that the Magistrate Judge did not decide the issue of an ALJ's duty to recontact a treating physician, but that is not the case. *Compare Doc. 23* at 6, *with Doc. 22* at 9, 11-12. Unlike the initial arguments set forth in the briefing before the Magistrate Judge, in the objections Plaintiff's counsel apparently attempts to raise that issue as entirely separate from Ruling 83-20. *Compare Doc. 18* at 7-10, *Doc. 20* at 4, *and Doc. 22* at 8-9, *with Doc. 23* at 5. "[T]heories raised for the first time in objections to the magistrate judge's report are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

Plaintiff's objection about the failure to recontact her treating physician focuses on opinions given by her doctors on the ultimate issue of disability. However, those opinions are

not dispositive of disability, a proposition that Plaintiff does not challenge. *See Doc. 22* at 8; *see also, e.g., Castellano v. Secretary of Health and Human Servs.,* 26 F.3d 1027, 1029 (10th Cir. 1994) ("That opinion is not dispositive because final responsibility for determining the ultimate issue of disability is reserved to the Secretary."); 20 C.F.R. § 404.1527(e) (1), (2) ("Opinions on some issues . . . are not medical opinions, as described in paragraph (a)(2) of this section, but are, instead, opinions on issues reserved to the Commissioner [such as] a medical source's statement that you are disabled [or] your residual functional capacity").

Plaintiff asserts that the ALJ was obliged to recontact the treating physician because the doctor's records were "ambiguous," "conflicting," or "inadequate." *See Doc. 23* at 5. However, she does not specify why that is so, and such general objections waive appellate review. *See, e.g., Soliz v. Chater,* 82 F .3d 373, 375-76 (10th Cir. 1996).[1] As the Magistrate Judge found, the treating physician's treatment records, as well as and those of the other doctors to whom he referred Plaintiff, are extensive and chronicle her "conditions and complaints and symptoms . . . spanning early 2001 through early 2005," *Doc. 22* at 4, and they are neither "ambiguous" nor "inadequate," *id.* at 11-12. Plaintiff does not challenge these findings.

If as with the Ruling 83-20 objections, Plaintiff contends that the medical evidence was "ambiguous" because it did not detail her ***work limitations*** caused by her conditions, I find the objections without merit. *See Doc. 23* at 3-4. First, Plaintiff's medical records note that she was working in 2001, 2002, and 2003. Indeed, just two months before the expiration of her last insured date, Plaintiff requested and received a "permission to return to work" note from her

---

[1] Moreover, her reliance on *Robinson v. Barnhart,* 366 F.3d 1078 (10th Cir. 2004) (per curiam), is misplaced. That case involved a treating physician's specific opinion about Plaintiff's mental residual functional capacity, and not, as here, a mere assertion on the ultimate issue of disability.

2

treating physician after an ankle injury. *Doc. 22* at 4 & n.5. Second, none of Plaintiff's doctors gave an opinion that she had any specific work limitations, and thus their medical records that also fail to reflect any such limitations cannot be considered "ambiguous." Furthermore, Plaintiff never asserted that it was necessary to secure a consulting examining physician opinion because her medical records were so "ambiguous." *See* 20 C.F.R. § 1915a(b). Finally, I concur with the Magistrate Judge's interpretation of the *Blea.* decision.

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Magistrate Judge's Proposed Findings and Recommended Disposition *(Doc. 22)* is ADOPTED;

2. Plaintiff's motion to reverse or remand *(Doc. 17)* is denied;

3. The decision of the Commissioner is affirmed; and

4. A final order enter concurrently herewith.

_____
UNITED STATES DISTRICT JUDGE